FILED

**NOT FOR PUBLICATION**

MAY 15 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE MICHAEL MERCADEL,
AKA Catt, AKA Tony,

Defendant - Appellant.

No. 13-50105

D.C. No. 2:11-cr-00921-DSF-2

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 13, 2014**
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Antoine Michael Mercadel appeals his conviction for conspiracy to bribe a

public official in violation of 18 U.S.C. § 371.  Mercadel contends that the district

court erred when it denied his motion to dismiss the indictment based on

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

outrageous government conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The criminal conspiracy was well underway when the government began its investigation. Indeed, the government's involvement started *after* Defendant joined the conspiracy; *after* Defendant identified a correctional officer to participate in the scheme; *after* the conspirators determined the necessary specifications for the laptop; *after* Defendant established an outside contact to obtain the laptop; and *after* money was transferred to Defendant's contact to purchase the laptop. "Because the government did not initiate the criminal activity, but rather sought to crack an ongoing operation, its conduct was not outrageous and did not violate due process." *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003); *see also United States v. So*, 755 F.2d 1350, 1353 (9th Cir. 1985) ("Our sense of justice is not shocked . . . when the government merely infiltrates a criminal organization, approaches persons already engaged in or anticipating a criminal activity, or provides valuable and necessary items to the conspiracy." (internal citations omitted)).

Additionally, the district court did not clearly err in finding no evidence that the Bureau of Prisons purposefully delayed or cancelled Defendant's prison transfer. *See Gurolla*, 333 F.3d at 950 ("[W]e accept the district court's factual

findings unless they are clearly erroneous.").

**AFFIRMED.**